IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL WHOOTEN,

  Plaintiff,    : CIVIL NO. 4:CV-04-223

v.    : (Judge Jones)

ANTHONY BUSSANICH, *et al.*,

  Defendants.

**ORDER**

November 16, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This *pro se* action was initiated by Paul Whooten ("Plaintiff" or "Whooten"), an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"). By Memorandum and Order dated September 2, 2005, Defendants' Motion for Summary Judgment was granted in part: only Plaintiff's claim under the Federal Tort Claims Act ("FTCA") remains. (Rec. Doc. 52).

Presently pending are Plaintiff's Motion Requesting Permission to Serve an Additional Twenty-five (25) Interrogatories "on Agent of the Government and

1

Tortfeasor Anthony Bussanich" (doc. 73) and Plaintiff's Motion for a Second Enlargement of Time to Respond to Defendant's Second Summary Judgment Motion (doc. 84). For the reasons outlined herein, both of the instant Motions will be granted.

**DISCUSSION:**

Plaintiff's initial Motion requests leave to serve an additional twenty-five (25) interrogatories on USP-Lewisburg Clinical Director Anthony Bussanich. (Rec. Doc. 73). The proposed interrogatories are apparently related to Plaintiff's medical treatment. Defendant opposes the Motion on the grounds that Whooten has already undertaken intensive discovery, *e.g.* 24 Requests for Production of Documents; 159 Interrogatories; and 25 Requests for Admissions.

Federal Rule of Civil Procedure 26 provides in relevant part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

> . . .
>
> The frequency or extent of use of the discovery methods
> . . . shall be limited by the court if it determines that: (i)
> the discovery sought is unreasonably cumulative or
> duplicative, or is obtainable from some other source that
> is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample
> opportunity by discovery in the action to obtain the
> information sought; or (iii) the burden or expense of the
> proposed discovery outweighs its likely benefit, taking
> into account the needs of the case, the amount in
> controversy, the parties' resources, the importance of the
> issues at stake in the litigation, and the importance of
> the proposed discovery in resolving the issues.

FED. R. CIV. P. 26(b)(1)-(2).

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Relevancy is not limited to the precise issues set out in the pleadings.

Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information [requested] may be relevant to the general subject matter of the action." Id. Moreover, discovery need not be confined to items of admissible evidence, but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996); Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996); Miles v. Boeing Co., 154 F.R.D. 117 (E.D. Pa. 1994).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984). See generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

Although the exact purpose of the proposed discovery is unclear, there is no indication that Plaintiff's request is made in bad faith, irrelevant, or relates to confidential or privileged information. Therefore, in light of the liberal standards afforded to Plaintiff as a consequence of his *pro se* status, the request will be granted. Within ten (10) days of the date of this Order, Plaintiff may serve the remaining Defendant with no more than twenty-five (25) interrogatories relating to his remaining FTCA claim. However, the parties are forewarned that they will not be permitted to undertake any additional discovery. The remaining Defendant will be allowed thirty (30) days from the date of this Order to respond to the additional interrogatories.

Plaintiff's Motion for a Second Enlargement of Time to Respond to Defendant's Second Summary Judgment Motion (doc. 84) will also be granted. Whooten may submit an opposing brief to the pending Motion for Summary Judgment (doc. 79) within sixty (60) days of the date of this Order. Any requests for additional time regarding the deadlines established herein will be granted only upon a showing of exceptional circumstances.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion Requesting Permission to Serve an Additional Twenty-five (25) Interrogatories "on Agent of the Government and Tortfeasor Anthony Bussanich" (doc. 73) is

**GRANTED**.

2. Within ten (10) days of the date of this Order, Plaintiff may serve the remaining Defendant with no more then twenty-five (25) additional interrogatories.

3. The remaining Defendant shall provide responses to said interrogatories within thirty (30) days of the date of this Order.

4. Plaintiff's Motion for a Second Enlargement of Time to Respond to Defendant's Second Summary Judgment Motion (doc. 84) is **GRANTED**.

5. Plaintiff may file a response to the remaining Defendant's Motion for Summary Judgment within sixty (60) days of the date of this Order.

6. Any requests for additional time in which to comply with the deadlines set forth herein will only be granted upon a showing of exceptional circumstances.

John E. Jones III
United States District Judge